IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

COLONY INSURANCE COMPANY,
    Plaintiff,
-vs-
              CAUSE NO.:
              AU-17-CA-01051-SS
BURLESON COUNTY SADDLE CLUB,
INC.; and BRIAN and RHONDA FAUST,
Individually and as Representatives OF
THE Estate and Wrongful Death
Beneficiaries of Piper Faust,
    Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Colony Insurance Company (Colony)'s Motion for Summary Judgment [#23], Defendants Brian and Rhonda Faust's Response [#28] in opposition, Defendant Burleson County Saddle Club (Saddle Club)'s Response [#31] in opposition, and Colony's Replies [# 29, # 35] in support, as well as Saddle Club's Motion for Leave to File Third-Party Complaint [#25].[1] Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is an insurance coverage dispute. Colony seeks a declaration that it has no duty to defend or indemnify Saddle Club against claims brought by Defendants Brian and Rhonda Faust in an underlying state court lawsuit pending in Burleson County, Texas. Compl. [#1] at 6–7. That

---

[1] The Court dismisses Saddle Club's Motion for Leave to File Third-Party Complaint [#24] on the ground it is redundant with Saddle Club's subsequently filed Motion for Leave to File Third-Party Complaint [#25]. Further, as the Court now considers the responses filed by the parties, the parties' Joint Motion to Continue Status Conference and Extend Time for Responses [#27] is dismissed as moot.

1

lawsuit concerns the death of the Fausts' daughter, Piper Faust, after a horse she was riding fell on her during a sporting event at Saddle Club. *Id.* at 3. According to the Fausts, Saddle Club is liable for their daughter's death because a dangerous condition on the premises caused the horse to fall. Faust Resp. [#28] at 4. At the time of the accident, Saddle Club had an insurance policy (the Policy) issued by Colony. Compl. [#1] at 3; Mot. Summ. J. [#23-1] Ex. 1 (Policy).

For its part, Saddle Club argues the Policy covers the accident and Colony owes a duty to defend. Saddle Club Resp. [#31] at 20. Saddle Club also brings a counterclaim against Colony for breach of contract for failure to indemnify Saddle Club and defend the underlying state court action. Am. Answer & Countercl. [#16] at 20. And in addition to its claims against Colony, Saddle Club seeks to file a third-party complaint against various entities and persons with ties to the Texas Farm Bureau Association (Farm Bureau), from whom Saddle Club procured the Policy. Mot. Leave [#25-2] Ex. 1 (Proposed Third-Party Complaint) at 4.

Colony now moves for summary judgment on its claims as well as the counterclaim brought by Saddle Club. Mot. Summ. J. [#23]. This pending motion is ripe for review.

## Analysis

I. **Motion for Summary Judgment**

A. **Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty*

2

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Similarly, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

B.   Application

Colony seeks summary judgment on its own claim for declaratory relief as well as on Saddle Club's counterclaim. Mot. Summ. J. [#23] at 1, 10–11. The Court first addresses Colony's claim and then turns to Saddle Club's counterclaim.

1.   Colony's Claim

Colony contends it is entitled to a declaratory judgment that it has no duty to defend or indemnify Saddle Club under the terms of the Policy. Mot. Summ. J. [#23] at 5. According to Colony, the Policy contains an unambiguous exclusion precluding coverage for any injury arising directly or indirectly from contact with animals. *See id.* at 4 ("This insurance does not

3

apply to 'bodily injury', 'property damage' or 'personal and advertising injury' arising directly or indirectly out of . . . animals."). Colony argues this exclusion applies because the complained-of injury arose directly from a horse falling upon the Fausts' daughter.

Under Texas law, an insurer's duty to defend "is determined solely by the allegations in the pleadings and the language of the insurance policy." *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). If a petition does not allege facts that would potentially state a cause of action falling within the terms of the policy, the insurer is not legally required to defend a suit against its insured. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004). While the insured bears the initial burden of establishing that a claim against it is potentially within the policy's coverage, all doubts regarding the existence of a duty to defend are resolved in favor of the duty. *Id.* at 528; *King*, 85 S.W.3d at 187.

Here, the Fausts' state court petition does not allege facts falling within the scope of the Policy's coverage. The Fausts allege a horse "slipped on a dangerous latent condition on the land" and fell on Piper Faust, causing serious injuries that led to her death. Mot. Summ. J. [#23-1] Ex. 2 (Pet.) at 59. These allegations demonstrate Piper Faust's death arose directly or indirectly "out of animals" and that the horse was a but-for cause of her death. *See* Policy at 43; *see also Utica Nat'l Ins. Co of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) ("[A]rise out of means that there is simply a causal connection or relation." (internal quotation marks omitted)).

Both the Fausts and Saddle Club disagree and contend the animal exclusion should not apply because the injury did not "aris[e] directly or indirectly" from contact with the horse. Faust Resp. [#28] at 5; Saddle Club Resp. [#31] at 13. Specifically, both the Fausts and Saddle Club seem to suggest that there can only be a single but-for cause for any given accident and that the

4

but-for cause in this instance was a dangerous premises condition and not the horse that fell upon Piper Faust. Faust Resp. [#28] at 5; Saddle Club [#31] at 13. Yet "an incident may have many but-for causes," *United States v. Ramos-Delgado*, 763 F.3d 398, 402 (5th Cir. 2014), and here, the horse was a but-for cause. Thus, the injury at issue here arose "directly or indirectly" from contact with an animal and falls outside the scope of the policy. *See* Policy at 4.

In sum, because the Fausts' petition does not allege facts that would potentially state a cause of action falling within the terms of the policy, Colony has no duty to defend or indemnify[2] Saddle Club in the underlying state court suit. The Court therefore grants Colony's motion for summary judgment as to its declaratory judgment claim.

### 2. Saddle Club's Counterclaim

Saddle Club has brought a single counterclaim against Colony alleging Colony breached the insurance contract by failing to indemnify Saddle Club or defend the underlying state court action. As the Court has found Colony has not duty to defend or indemnify Saddle Club in the underlying action, there is no longer any basis for Saddle Club's breach of contract counterclaim. Moreover, Saddle Club has failed to respond to Colony's request for summary judgment on the counterclaim. *See* Saddle Club Response [#31] at 1–2. For these reasons, the Court grants Colony's motion for summary judgment as to Saddle Club's counterclaim.

## II. Motion for Leave to File Third-Party Complaint

Saddle Club seeks leave under Federal Rule of Civil Procedure 19 to join as necessary parties and to file a third-party complaint against various entities and persons with ties to Farm Bureau. Mot. Leave [#25] at 1–3. According to Saddle Club, the Court cannot accord complete

---

[2] "Under Texas law, the duty to defend is broader than the duty to indemnify," and thus the lack of a duty to defend implies a lack of a duty to indemnify. *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("Logic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify.").

relief to the parties if these defendants are not joined, and the absence of these defendants risks "inconsistent outcomes." *Id.* at 3–4.

The Court denies leave to join the putative Farm Bureau defendants as necessary parties because Saddle Club has not explained *how* the absence of these defendants from these proceedings would interfere with the Court's ability to accord relief to the existing parties or expose an existing party to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." FED. R. CIV. P. 19(a)(1)(B). In addition, Saddle Club has not shown the Court would have federal question or diversity jurisdiction over the claims raised in its third-party complaint, nor has Saddle Club argued this Court should assume supplemental jurisdiction over the claims raised in its yet-to-be-filed third-party complaint.[3] The Court thus denies Saddle Club's motion for leave to join necessary parties and file a third-party complaint.

## Conclusion

The Court grants Colony's motion for summary judgment and denies Saddle Club's motion for leave to join necessary parties and file a third-party complaint.

Accordingly,

IT IS ORDERED that Colony's Motion for Summary Judgment [#23] is GRANTED;

IT IS FURTHER ORDERED that Saddle Club's Motion for Leave to File Third-Party Complaint [#25] is DENIED;

IT IS FURTHER ORDERED that Saddle Club's Motion for Leave to File Third-Party Complaint [#24] is DISMISSED as redundant; and

---

[3] *See generally Parker & Parsley Petroleum Co. v. BJ–Titan Servs. Co.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

IT IS FINALLY ORDERED that the parties' Joint Motion to Continue Status Conference and Extend Time for Responses [#27] is DISMISSED AS MOOT.

SIGNED this the 16th day of August 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE